UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMICKO MURRAY McIVER, | |
| Plaintiff, | |
| -against- | 1:20-CV-6071 (LLS) |
| GENESA HOME CARE; MARTHA Owner/Founder; UNKNOWN NAME husband of owner, | TRANSFER ORDER |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff Tamicko Murray McIver, of Mount Vernon, New York, brings this *pro se* action

against her former employer, Genesa Home Care; its owner, "Martha"; and Martha's

unidentified husband.[1] Plaintiff alleges that all the defendants reside in Kingston, New York. For

the reasons discussed below, the Court transfers this action to the United States District Court for

the Northern District of New York.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial

district in which such defendant is subject to the court's personal jurisdiction with respect to the

civil action in question." § 1391(c)(2).

---

[1] The Court notes that there is no notation on the docket that Plaintiff has paid the fees to
bring this action or filed an application to proceed *in forma pauperis*.

The defendants reside in Kingston, Ulster County, New York, which is within the Northern District of New York. *See* 28 U.S.C. § 112(a). It is therefore clear that the United States District Court for the Northern District of New York is a proper venue for this action under § 1391(b)(1). Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this district, venue is not proper in this Court under § 1391(b)(1) or (2). Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 2.)

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

SO ORDERED.

Dated:   August 10, 2020
         New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.